IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEFFREY D. FORTER, | Case No. 6:18-cv-01171-JR |
| Plaintiff, | **ORDER** |
| v. | |
| STUART YOUNG, et al., | |
| Defendants. | |

RUSSO, Magistrate Judge:

Plaintiff Jeffrey D. Forter ("plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is plaintiff's Motion for Preliminary Injunction (ECF No. 41). For the reasons set forth below, this Court denies the motion.

## BACKGROUND

### I. Plaintiff's Complaint

Plaintiff alleges that he is a follower of Apostolic Christian Identity and a "member in good standing with 'The Restored Assembly of Elohim' which was formerly the 'Church of Jesus Christ-Christian (CJCC).'" Pl.'s Compl. at 3. Plaintiff alleges that Stuart Young, the Assistant Administrator of Religious Services ("Young"); Dennis Holmes, the Administrator of Religious

Page 1 – ORDER

Services ("Holmes"); and Heidi Steward, the Assistant Director of the Offender Management and Rehabilitation Division ("Steward") violated his constitutional rights by failing to provide him a "kosher type diet" that is "meat inclusive." Id. at 1-4.

Specifically, in his first claim for relief, plaintiff alleges that defendants violated the Establishment Clause of the First Amendment by relying on "a classic Judeo-Christian interpretation of the Bible's Book of 1 Timothy 4:1-4" as the basis for their denial of plaintiff's religious diet request. Id. at 4-5. Second, plaintiff alleges that defendants violated his First Amendment right to the free exercise of religion by refusing "to accommodate his request for a religious diet which is a central tenet of his faith." Id. at 5. Third, plaintiff alleges that defendants' conduct set forth in claims one and two violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). Id. at 5-6. Plaintiff seeks a declaratory judgment, money damages, and an injunction "permanently enjoying [d]efendants and their agents and employees from subjecting [p]laintiff to the conduct of the type and degree alleged." Id. at 6.

## II. Grievance TRCI-2016-08-113

The allegations set forth in plaintiff's Complaint were the subject of a 2016 prison grievance. On August 8, 2016, Young denied plaintiff's informal request that meat be added to the kosher diet program, explaining that "[t]he DOC provides a Kosher Diet meal that meets daily nutritional standards and there is a kosher meat item [in the] canteen which is available to you for purchase to exercise your religious belief." Pl.'s Compl., Ex. A at 1.

On August 16, 2016, plaintiff filed grievance TRCI-2016-08-113, challenging that decision. Id. at 2. Young responded to the grievance as follows:

> The verse you quoted warns believers to avoid the "liars" that tell them to abstain from certain foods and from marriage. Paul is saying the food and marriage are good and should not be avoided, he is not telling anyone what food to eat; that's an

> individual choice. He is simply telling them not to listen to religious "hypocrites" who require abstinence from food and marriage.
>
> There is nothing in these verses that tell you that you have to eat meat or that you have to abstain from meat – these verses emphasize your freedom to make your own choices and the freedom to ignore religious "liars" who command you not eat certain foods.

Id. at 3.

Plaintiff filed a grievance appeal reiterating that CJCC teaches that vegetarianism is a pagan practice and requesting that correction officials "make available the meat entrees available from the 'meal mart' vendor." Id., Ex. B at 1-3. Holmes denied the appeal. Id. at 4. Plaintiff filed a second appeal that was denied by Stewart as follows:

> [T]he Department of Corrections does provide a Kosher Diet meal that meets the daily nutritional standards, and if you choose to consume meat as well, there is a kosher meat item on canteen available to you for purchase.
>
> For those whose primary concern is to avoid eating foods identified in the Old Testament as unclean, DOC makes available a non-meat alternative diet which includes fresh and cooked fruits and vegetables. DOC's non-meat alternative meets all Old Testament dietary law requirements. The food is prepared and served in a manner that avoids contact with pork and other unclean foods. Additionally, inmates may "self-select" any meat on the menu making it possible to avoid a meal containing pork products or shellfish. This allows inmates to enjoy the meals offered which do not contain unclean items without having to always eat the vegetable meal.

Id., Ex. C at 1-2. The administrative review process was concluded on February 6, 2017.

### III. Plaintiff's Motion for Preliminary Injunction

In plaintiff's Motion for Preliminary Injunction, he asserts that his "religion requires him to observe the Biblical Feast days of the Old Testament," and he seeks to compel correctional officials to allow him to "participate in the full traditional ***Passover*** celebration." Pl.'s Mot. for Prelim. Inj. at 1 (emphasis in original). On January 4, 2019, plaintiff sent an inmate communication form to Chaplain Ron Borden requesting that he be placed on the "full

Page 3 – ORDER

Passover/feast of unleavened bread" list. Id., Ex. 1. On February 21, 2019, Chaplain Borden informed plaintiff that he was approved to receive Matzoh (unleavened bread) only:

> In consultation with four Messianic Rabbis concerning the Eight Days of Passover diet, they have advised ODOC that a vegetable/bean meal prepared in a kosher manner with matzo, served on a paper tray with plastic utensils is acceptable based on Messianic tenets of faith from the Torah. The Passover trays are designed for strict adherence to a Jewish dietary law in which specific food items are removed from the regular kosher diet. The Messianic Rabbis are united in their opinion that this dietary law is not applicable to the tenets of Messianic faith.
>
> This meal, explained in the first notation above, does not prohibit you from observing the Eight Days of Passover meals and a Seder Meal as a Messianic. You are still being accommodated to observe the Eight Days of Passover meals and a Seder Meal as a Messianic.

Id., Ex. 2 at 2.

## DISCUSSION

This Court lacks authority to grant an injunction when the request for injunctive relief is based on claims not pled in the complaint. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). A preliminary injunction is appropriate only when it "grants relief of the same nature as that to be finally granted." Id. Hence, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id.; Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because prisoner did not establish a sufficient nexus between retaliation claims in his motion and the claims set forth in his underlying complaint).

Plaintiff fails to demonstrate a sufficient nexus between the injury claimed in his Motion for Preliminary Injunction (denial of his request to participate in the "full traditional Passover celebration" (see Pl.'s Mot. for Prelim, Inj. at 1)) and the conduct challenged in his Complaint (failure to provide a daily meat entrée "available from the 'meal mart' vendor" (see Pl.'s Compl.,

Page 4 – ORDER

Ex. B at 3)).

According to the "Faith and Practices of the Restored Assembly of Elohim" attached to plaintiff's Affidavit, it is his belief that "[t]he Passover meal is of roast lamb and bitter herbs and side dishes." Pl.'s Aff. (ECF No. 30), Ex. 3 at 36. Hence, the entry of an injunction compelling correction officials to allow plaintiff to "participate in the full traditional Passover celebration" is not of the same character as ordering defendants to provide plaintiff with a kosher meat entrée on a daily basis. Accordingly, this Court concludes that mandatory injunctive relief is not warranted. Pac. Radiation Oncology, LLC, 810 F.3d at 636; Saddiq, 703 F. App'x at 572.

## CONCLUSION

Based on the foregoing, this Court DENIES plaintiff's Motion for Preliminary Injunction (ECF No. 41).

IT IS SO ORDERED.

DATED this 15th day of April, 2019.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge